1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

9

10

11

12

13

14

15

16

17

18

19

| | |
|---|---|
| THE BANK OF NEW YORK MELLON, successor in interest to JP Morgan Chase Bank, as Trustee for the Registered Holders of Novastar Mortgage Funding Trust, Series 2004-3 Novastar home equity loan asset-backed certificates, Series 2004-3, | CASE NO. 12cv793 - IEG (DHB) |
| Plaintiff, | **ORDER:** |
| vs. | **(1) GRANTING MOTION TO PROCEED** *IN FORMA PAUPERIS***; AND** |
| | [Doc. No. 2] |
| TONY COLLIN HOOK; EMILY ANN HOOK; LESLIE DIANTONIO; and DOES 1 through 5, inclusive, | **(2) REMANDING ACTION TO STATE COURT** |
| Defendants. | |

20       On April 2, 2012, Defendant Leslie Diantonio ("Diantonio") removed an unlawful detainer

21  action from state superior court to this Court on the basis of federal question jurisdiction pursuant

22  to 28 U.S.C. §§ 1331, 1441(a).  [Doc. No. 1, Notice of Removal.]  Along with her notice of

23  removal, Defendant Diantonio submitted a motion to proceed *in forma pauperis* ("IFP").  [Doc.

24  No. 2.]  For the reasons below, the Court **GRANTS** Diantonio's motion to proceed IFP, but

25  **REMANDS** the action back to state court for lack of subject matter jurisdiction.

26  ///

27  ///

28  ///

- 1 -                                                  12cv793

1                                                **DISCUSSION**

2    **I.      MOTION TO PROCEED *IN FORMA PAUPERIS***

3           All parties instituting any civil action, suit, or proceeding in a district court whether by

4    original process, removal or otherwise, except an application for writ of habeas corpus, must pay a

5    filing fee of $350.  See 28 U.S.C. § 1914(a). However, an action may proceed despite failure to

6    pay the filing fee if the party is granted *in forma pauperis* ("IFP") status.  See Rodriguez v. Cook,

7    169 F.3d 1176, 1177 (9th Cir. 1999).  The Court may grant IFP status to any party who

8    demonstrates that he or she is unable to pay such fees or give security therefor.  28 U.S.C. §

9    1915(a).

10          In the present case, having reviewed Defendant Diantonio's motion and declaration in

11   support of the motion, the Court finds that Diantonio has made a sufficient showing of inability to

12   pay the required filing fees.  See Rodriguez, 169 F.3d at 1177.  Accordingly, good cause appearing,

13   the Court **GRANTS** Defendant Diantonio leave to proceed *in forma pauperis*.

14   **II.     INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)**

15          After granting IFP status, the Court must dismiss the case if the complaint "fails to state a

16   claim on which relief may be granted" or is "frivolous."  28 U.S.C. § 1915(e)(2)(B); see also Lopez

17   v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not

18   only permits but requires" the court to *sua sponte* dismiss an *in forma pauperis* complaint that fails

19   to state a claim).

20          **A.      Subject Matter Jurisdiction**

21          Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over

22   matters authorized by the Constitution and Congress.  See Kokkonen v. Guardian Life Ins. Co., 511

23   U.S. 375, 377 (1994).  A defendant may remove a civil action from state court to federal court only

24   if the district court could have original jurisdiction over the matter.  28 U.S.C. § 1441(a).

25   "Removal statutes are strictly construed against removal."  Luther v. Countrywide Home Loans

26   Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008).  There is a "strong presumption" against

27   removal jurisdiction, and the party seeking removal always has the burden of establishing that

28   removal is proper.  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  If there is any doubt as

1  to the propriety of removal, federal jurisdiction must be rejected. <u>Id.</u> at 567.  If at any time before

2  the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case

3  removed from state court, it must remand the action to state court. <u>See</u> 28 U.S.C. § 1447(c); <u>Int'l</u>

4  <u>Primate Prot. League v. Adm'rs of Tulane Educ. Fund</u>, 500 U.S. 72, 87 (1991).

5          Defendant Diantonio's notice of removal alleges that this court has federal question

6  jurisdiction over the action pursuant to 28 U.S.C. § 1331.  [<u>Notice of Removal</u> ¶¶ 5-14.]  Under 28

7  U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.

8  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  <u>Caterpillar, Inc. v.</u>

9  <u>Williams</u>, 482 U.S. 386, 392 (1987).  Under the rule, "federal jurisdiction exists only when a

10 federal question is presented on the face of plaintiff's properly pleaded complaint."  <u>Id.</u>  Therefore,

11 there is no federal question jurisdiction simply because there is a federal defense to the claim.  <u>Id.</u>

12         A review of the complaint shows that Plaintiff is only bringing a cause of action against the

13 Defendants for unlawful detainer pursuant to California Code of Civil Procedure § 1161a.  [Doc.

14 No. 1, <u>Compl.</u>]  This is a purely state law cause of action, and the Court does not have federal

15 question jurisdiction over the matter based on this claim.  <u>See</u> <u>Southland Homes Real Estate & Inv.,</u>

16 <u>LLC v. Lam</u>, 2011 U.S. Dist. LEXIS 25472, at *3 (C.D. Cal. Feb. 25, 2011); <u>Galileo Fin. v. Park</u>,

17 2009 U.S. Dist. LEXIS 94996, at *1-2 (C.D. Cal. Sept. 24, 2009) ("Here, the complaint only asserts

18 a claim for unlawful detainer, a cause of action that is purely a matter of state law.  Thus, from the

19 face of the complaint, it is clear that no basis for federal question jurisdiction exists.").  In the

20 notice of removal, Defendant Diantonio asserts that federal question exists based on the Protecting

21 Tenants at Foreclosure Act ("PTFA").  [Doc. No. 1, <u>Notice of Removal</u> ¶ 6.]  However, the face of

22 the complaint shows that Plaintiff is not bringing a cause of action under the PTFA and is only

23 bringing a cause of action for unlawful detainer.  [<u>See</u> Doc No. 1, <u>Compl.</u>]  Based on the allegations

24 in the notice of removal, Defendant at most can raise the PTFA as a defense to Plaintiff's unlawful

25 detainer action.  However, a federal defense by itself is insufficient to establish federal question

26 jurisdiction.  <u>See</u> <u>Caterpillar</u>, 482 U.S. at 392; <u>Fannie Mae v. Brooks</u>, 2012 U.S. Dist. LEXIS

27 30627, at *9-10 (C.D. Cal. Mar. 7, 2012) (rejecting defendant's contention that a defense under the

28 PTFA is sufficient to establish federal question jurisdiction and remanding the action for lack of

1 jurisdiction).

2    In addition, the face of the complaint clearly shows that this Court also does not possess

3 diversity jurisdiction over the matter.  For a federal court to exercise diversity jurisdiction, there

4 must be "complete diversity" between the parties and the amount in controversy requirement of

5 $75,000 must be met.  See 28 U.S.C. § 1332(a); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 267

6 (1806).  "[W]hen a state-court complaint affirmatively alleges that the amount in controversy is less

7 than the jurisdictional threshold, the 'party seeking removal must prove with legal certainty that

8 [the] jurisdictional amount is met.'"  Guglielmino v. McKee Foods Corp., 506 F.3d 696, 699 (9th

9 Cir. 2007).

10    The complaint states that Plaintiff is seeking under $10,000 in damages, [Doc. No. 1,

11 Compl.], but Defendant has made no attempt in her notice of removal to prove with a legal certainty

12 that the amount in controversy is over $75,000.  Therefore, Defendant has not met her burden of

13 establishing that this Court has diversity jurisdiction, see Guglielmino, 506 F.3d at 699, and

14 diversity jurisdiction is lacking.  See, e.g., Southland Homes, 2011 U.S. Dist. LEXIS 25472, at *3

15 (remanding unlawful detainer action where plaintiff's complaint stated that the damages sought

16 were less than $10,000).  Accordingly, the Court lacks subject matter jurisdiction over this action.

17                                **CONCLUSION**

18    For the reasons above, the Court **GRANTS** Defendant Diantonio's motion to proceed IFP,

19 but **REMANDS** the action back to state court for lack of subject matter jurisdiction.

20    **IT IS SO ORDERED.**

21 **DATED:**  April 6, 2012

22                                **IRMA E. GONZALEZ**
                                 **United States District Judge**

23

24

25

26

27

28